UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MICHAEL WEST, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | Case No. 4:06-CV-646 (JCH) |
| ALAN B. STAHL, | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

The matter is before the Court on Respondent's Motion to Dismiss for Lack of Jurisdiction, filed December 12, 2006. (Doc. No. 18). The matter is ready for a decision.

On April 17, 2006, Petitioner filed his pro se "Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody." (Doc. No. 1). His Petition claims that he was improperly held in the St. Louis County Adult Detention Center ("Jail") from November 29, 2005 until January 19, 2006 on charges of stalking. (Pet., Doc. No. 1; McKee Aff., Doc. No. 18 pg. 3). It appears he was released on January 19, 2006 after a judge authorized personal recognizance on a bond of $250. (McKee Aff., Doc. No. 18 pg. 4). Petitioner reentered the Jail on March 4, 2007 after being arrested on three misdemeanor charges. (Id.). He was released on March 8, 2007. (Id. at Ex. F). Since this time, Petitioner has not reentered the Jail. (Id. at pg. 4-5). On December 12, 2006, Respondent filed his motion to dismiss asserting that the Court lacks jurisdiction because Petitioner was not in the Jail when he filed the Petition. (Doc. No. 18).

Federal courts have jurisdiction to grant writs of habeas corpus to a person "in custody in violation of the Constitution or the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

The habeas petition must be filed while the petitioner is "in custody." Leonard v. Nix, 55 F.3d 370, 373 (8th Cir. 1995). A petitioner, however, need not show actual, physical custody to obtain relief. Maleng v. Cook, 490 U.S. 488, 491 (1989). A person is "in custody" for purposes of the habeas statute if he is subject to severe restraints on his individual liberty. See Hensley v. Mun. Court, San Jose Milpitas Judicial Dist., 411 U.S. 345, 351 (1973). A restraint is severe when it is "not shared by the public generally." Jones v. Cunningham, 371 U.S. 236, 240 (1963). A state defendant released on bail, his own recognizance, or pending trial may meet the "in custody" requirement. Hensley, 411 U.S. at 353; accord Kumarasamy v. Attorney Gen. of the United States, 453 F.3d 169, 172 (3d Cir. 2006).

Upon consideration, the Court will deny Respondent's Motion to Dismiss. As the applicable precedent makes clear, a petitioner does not have to be in actual, physical custody of Respondent to obtain relief. Moreover, Respondent has not shown that Petitioner's charges are no longer pending or that he is no longer released on bail or his own recognizance.

Accordingly,

**IT IS HEREBY ORDERED** that Respondent's Motion to Dismiss (Doc. No. 18) is **DENIED**.

**IT IS FURTHER ORDERED** that Respondent may file an amended response to the Court's Show Cause Order of May 18, 2006 no later than **Friday, September 28, 2007**.

Dated this 16th day of August, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE