UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL WEST, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:06CV646 JCH |
| ) | |
| ALAN STAHL, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Michael West's ("Petitioner") pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is fully briefed and ready for disposition.

**BACKGROUND**

On or around April 17, 2006, Petitioner filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody with the Court. (Doc. No. 2). Plaintiff's petition is related to criminal charges pending against him in State v. West, Cause No. 0511-CR05483, which is currently pending in St. Charles County, Missouri state court, and the treatment he has received as a pre-trial detainee.

In his § 2254 Petition, Petitioner alleges the following grounds for relief:

1. False or perjured evidence was knowingly used in the probable cause statement against Petitioner (Petition, "Count I," ¶¶ 13-20, 48-49);

2. False or perjured evidence was knowingly used in the "Information and sworn statement" against Petitioner (Petition, "Counts II - VI," ¶¶ 21-43, 48-49);

3. False or perjured evidence was knowingly used in the "State's discovery and request for disclosure" (Petition, "Count VII," ¶¶ 44-49);

4. Respondent engaged in "unfair bail bond practices" because St. Charles County improperly refused to apply a partial payment by "an unrelated person" towards Petitioner's "bail bond" (Petition, ¶¶ 50-68);

5. Respondent engaged in cruel and unusual punishment because, in December 2005, Petitioner "was subjected to solitary confinement, without petitioner committing serious offense or rule violation" (Petition, ¶¶ 69-77);

6. Respondent engaged in cruel and unusual punishment because, from November 28, 2005 until April 14, 2006, it provided "insufficient meal portions" (Petition, ¶¶ 78-83);

7. Respondent denied "inmate/detainees [sic] a reasonable and meaningful opportunity to research their [sic] legal issues" (Petition, ¶¶ 84-102);

8. Respondent denied Petitioner "reasonable religious practices" because it refused to allow Petitioner to practice his "non-denominational religious services," including weekly communion and "clergy visits" (Petition, ¶¶ 103-121);

9. Respondent engaged in cruel and unusual punishment because it denied Petitioner "reasonable pre-trial confinement housing" (Petition, ¶¶ 122-131);

10. Petitioner was denied "timely access to the courts" in that "the court clerk's policy or practice prohibits pre-trial detainees from making telephone conferences with court personnel to timely schedule, call up, and set court hearings on the docket" (paragraphs 132-148);

11. Petitioner was denied "fair use and benefit of state supreme court rules" because:

   a. Petitioner's December 26, 2005 habeas corpus complaint was returned "undeliverable" in purported violation of Mo.S.Ct.R. 91.05 (Petition, ¶¶ 149-154);

   b. Petitioner did not receive any notice that his December 26, 2005 habeas corpus complaint was received and/or processed in purported violation of Mo.S.Ct.R. 20.02 (Petition, ¶¶ 155-161); and

12. Respondent committed fraud and conversion in that it demanded that Petitioner sign over a personal check to the jail to pay his inmate fees. (Petition, ¶¶ 162-170).

To date, Petitioner has not been convicted of any crime related to <u>State v. Michael West</u>, 0511-CR05483 (St. Charles County Circuit Court), and his case remains pending before the state court. <u>See</u> https://www.courts.mo.gov/casenet/cases/searchDockets.do.

## DISCUSSION

**A.     Petitioner's Claims under 28 U.S.C. § 2254 Fail Because He is a Pre-Trial Detainee.**

Petitioner purports to file a petition for habeas corpus under 28 U.S.C. § 2254 related to certain criminal charges that are pending against him and the treatment he has received as a pre-trial detainee.  See, e.g., Petition, ¶ 159 (stating that Petitioner has been subject to "lengthy pre-trial incarceration without good cause"); Petition, ¶¶ 70-73 (describing Petitioner as a "pre-trial" detainee).  Petitioner's claim for habeas corpus relief fails, however, because relief under § 2254 is only available post-judgment.  This difference was outlined in White v. Lambert, 370 F.3d 1002 (9th Cir. 2004):

> [A] proper understanding of the interaction between 28 U.S.C. § 2241 and 28 U.S.C. § 2254 leads us to the conclusion that they apply in different situations.  Section 2254 is properly understood as "in effect implementing the general grant of habeas corpus authority found in § 2241, as long as the person is in custody pursuant to the **judgment** of a state court, and not in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction."

Id. at 1006 (citing Walker v. O'Brien, 216 F.3d 626, 633 (7th Cir. 2000) (emphasis in original); see also Yellowbear v. Wyo. AG, 130 Fed. Appx. 276, 277 (10th Cir. 2005) (unpublished) ("Mr. Yellowbear is a prisoner in pre-conviction custody and is therefore unable to rely upon 28 U.S.C. § 2254, which is a vehicle intended only for state court prisoners who have already been convicted to contest the legality of their convictions").  Because Petitioner is a pre-trial detainee, he cannot rely on § 2254 for relief.

Petitioner's request for habeas relief on this ground is therefore denied.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 2) is **DENIED**, and his claim is **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

Dated this 29th day of August, 2008.

/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE